MCGREGOR W. SCOTT
United States Attorney
KATHLEEN A. SERVATIUS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00199 NONE-BAM |
|---|---|
| Plaintiff, | STIPULATION TO CONTINUE HEARING ON CHANGE OF PLEA AND PROPOSED ORDER THEREON |
| v. | |
| ELADIO FELIX-LEON, ET. AL. | |
| Defendants. | Date: December 18, 2020<br>Time: 10:00 a.m.<br>Honorable Dale A. Drozd |

The United States of America, by and through MCGREGOR W. SCOTT, United States Attorney, and KATHLEEN A. SERVATIUS, Assistant United States Attorneys, and the defendant, ELADIO FELIX-LEON, by and through his respective counsel of record, Roger Bonakdar, hereby stipulate to continue the change of plea hearing in this case from December 18, 2020 until January 7, 2021 at 10:00 a.m.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice. This General Order was entered to address public health concerns related to COVID-19. Further, pursuant to General Order 611 and 620, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2021.[1]

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

STIPULATION TO CONTINUE CHANGE OF PLEA      1

Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

---

will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1    In light of the societal context created by the foregoing, this Court should consider the following
2 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
3 justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date
4 for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any
5 pretrial continuance must be "specifically limited in time").

6    The parties have previously entered into an stipulation to continue the status conference in tis
7 case from November 23, 2020 and March 24, 2021 and excluded time for the following reasons:  the
8 defendant needed additional time to review the discovery, consult with his with his client, and conduct
9 further investigation.  In addition, the defendant and counsel was investigating the viability of a plea in
10 this matter.  The case involves several wire taps, drug seizures, approximately 10,000 pages of
11 discovery, and digital discovery in the form of several gigabytes.  Co-counsel had been unable to review
12 discovery with his client due to COVID restrictions at the Fresno County Jail. The proposed status
13 conference date represented the earliest date that all counsel were available thereafter, taking into
14 account counsels' schedules, defense counsels' commitments to other clients, and the need for
15 preparation in the case and further investigation.  In addition, the public health concerns cited by
16 General Order 611, 612, and 617 and presented by the evolving COVID-19 pandemic, an ends-of-justice
17 delay is particularly apt in this case because counsel or other relevant individuals have been encouraged
18 to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid
19 personal contact should the hearing proceed.

20    The parties further believed that time should be excluded, in that failure to grant the requested
21 case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny
22 both the defendants and the government the reasonable time necessary for effective preparation, taking
23 into account the parties' due diligence in prosecuting this case. 18 U.S.C. Section 3161(h)(7)(B)(iv).
24 Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the
25 interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION TO CONTINUE CHANGE OF PLEA        3

Act.  The parties believe that the prior exclusion of time remains intact, but equally supports an exclusion of time until January 7, 2021.  Therefore, the parties request that the Court exclude the time until the new trial date from calculations under the Speedy Trial Act.

Dated: December 18, 2020            MCGREGOR W. SCOTT
                                    United States Attorney

                                    /s/ *Kathleen A. Servatius*
                                    KATHLEEN A. SERVATIUS
                                    Assistant United States Attorney


Dated:  December 18, 2020           /s/ *Roger Bonakdar*
                                    Attorney for Eladio Felix-Leon


## ORDER

IT IS HEREBY ORDERED that the change of plea hearing in this case be continued from December 18, 2020 until January 7, 2021.  Should the defendant fail to enter a plea of guilty on that date, status conference in this case shall be on March 24, 2021 at 1:00 p.m., as previously stipulated.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 23, 2020 until March 24, 2021, has previously been deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  That exclusion supports an exclusion of time between December 18, 2020 and the new change of plea date of January 7, 2021 at 10:00 a.m.

IT IS SO ORDERED.

   Dated:   **December 21, 2020**            _____
                                             UNITED STATES DISTRICT JUDGE