UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ELADIO FELIX-LEON,

Defendant.

No. 1:18-cr-00199-DAD

ORDER DENYING DEFENDANT FELIX-LEON'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)

(Doc. Nos. 147, 149)

On June 5, 2024, defendant Eladio Felix-Leon filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines. (Doc. No. 147.) On June 6, 2024, the motion was referred by minute order to the Office of the Federal Defender ("FDO") for possible assumption of representation. (Doc. No. 148.)[1] On July 8, 2024, defendant filed a document which he characterized as a notice of evidence in support of Amendment 821. (Doc. No. 149.) On August 2, 2024, the government filed an opposition to defendant's motion. (Doc. No. 150.) Defendant Felix-Leon did not file a reply.

Because defendant Felix-Leon is not eligible for the relief he seeks pursuant to § 3582(c)(2), the court will deny the pending motion to reduce his sentence.

[1] The FDO did not file a notice indicating its intent to assume representation within the time provided by the order and thus the time for the filing of an opposition by the government commenced running. (Doc. No. 148.)

**BACKGROUND**

On January 7, 2021, pursuant to a plea agreement, defendant entered a plea of guilty to conspiracy to distribute 50 grams or more of actual methamphetamine and/or 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) as charged in Count One of the indictment. (Doc. Nos. 98, 99, 104 at 1.)

The presentence report ("PSR") prepared in defendant's case calculated his total offense level as 37 and his criminal history category as I (based on a finding of a criminal history score of 1 due to his April 2010 misdemeanor conviction for attempted illegal entry), resulting in an advisory sentencing guidelines range calling for a term of imprisonment between 210 and 262 months. (Doc. No. 104 at 8–10, 18.) At the sentencing hearing on July 2, 2021, the court adopted the findings of the PSR with respect to criminal history, but also found that defendant's offense level was 35, resulting in an advisory sentencing guideline range calling for a term of imprisonment of between 168 and 210 months. In addition, the court found that the statutory minimum mandatory sentence did not apply in defendant's case and varied downward from the applicable guideline range based upon the cited § 3553(a) factors, imposing a 108-month term of imprisonment with a 60-month term of supervised release to follow. (Doc. No. 132.) The court entered judgment on July 8, 2021. (Doc. No. 133.)

In his pending motion, defendant Felix-Leon moves to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the U.S. Sentencing Guidelines. (Doc. Nos. 147, 149.) Specifically, defendant contends that he is eligible for a sentence reduction based on Part B of Amendment 821 and U.S. Sentencing Guidelines ("U.S.S.G.") § 4C1.1(a). (*Id.*) That new provision reduced the advisory sentencing guideline range for those who had no criminal history points—so-called zero-point offenders.

**ANALYSIS**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d

1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827). The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id*. (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

Defendant Felix-Leon contends that at the time of his sentencing he had no prior criminal history, is a zero-point offender and is entitled to a reduction in his sentence. (Doc. Nos. 147, 149.) Defendant is mistaken in this regard.[2]

/////

---

[2] Defendant filed no formal objections challenging the finding that he had one criminal history point. (See Doc. No. 105.) He now states that "[t]here appears to be confusion as to the history of [his] non-criminal history" (Doc. No. 149), but does not provide any further explanation. The record is clear—defendant Felix-Leon was found to have one criminal history point at the time of his sentencing.

As the government points out in its opposition, and as the PSR prepared in defendant's case establishes, although defendant Felix-Leon fell within criminal history category I, he was assigned one criminal history point based upon his 2010 misdemeanor conviction for attempted illegal entry. (Doc. No. 150 at 1, 4; see also Doc. No 104 at 9.) Therefore, he is not eligible for the requested relief. *See United States v. Ceasar*, No. 19-402-03, 2024 WL 3729857, at *2 (E.D. Pa. Aug. 8 2024) ("Even one criminal history point renders a defendant ineligible for a reduction in sentence under U.S.S.G. § 4C1.1.").

Moreover, even if defendant was found to be a zero-point offender, the government is correct in arguing that he would still not be eligible for the requested relief because he received a below-the-guideline-range sentence based upon the court's downward variance. (Doc. No. 150 at 4–5.) As one district court recently explained under similar circumstances:

> [A] court cannot "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" that would have been applicable if a new guideline were effective at the time of sentencing. U.S.S.G. § 1B1.10(b)(2)(A). Assuming Defendant could receive a zero-point offender adjustment, the amended guideline range for imprisonment based on a total offense level of 27 and criminal history category of I would be 70–87 months. That range exceeds the 60-month sentence the Court imposed, so a further reduction is prohibited.

*United States v. Berkett*, No. 2:21-cr-00292-MCS-1, 2024 WL 1516317, at *2 (C.D. Cal. Apr. 8, 2024); *see also United States v. Pacheco*, No. 17-cr-00324-BLF-3, 2024 WL 2304574, at *2 (N.D. Cal. May 20, 2024) ("Defendant already received a sentence of 140 months, which is below the low end of the amended guideline range. In this circumstance, no relief is permissible under Part A.") (citing § 1B1.10(b)(2)(A) and *Dillon*, 560 U.S. at 827).[3]

Because defendant is ineligible for a modification of his sentence based on Amendment 821, the court need not proceed to the second step of the § 3582(c)(2) analysis to

---

[3] Although defendant does not seek a reduction in his sentence pursuant to Part A of Amendment 821 (Doc. Nos. 147, 149), it is clear that he is ineligible for relief under that provision as well. Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by individuals who commit their offense while under a criminal justice sentence. However, defendant's PSR does not reflect that he was under any criminal justice sentence when he committed the offense for which he was sentenced by this court and he did not receive any status points. (Doc. No. 104 at 10.)

consider again the § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 826–27. The pending motion for a sentence reduction will therefore be denied.

**CONCLUSION**

For the reasons explained above, the court denies defendant Felix-Leon's motion for a reduction of his sentence pursuant to § 3582(c)(2). (Doc. Nos. 147, 149.) The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated: **October 1, 2024**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE